IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY SAM LADD, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-20-0491 |
| CLARENCE MITCHELL COURTHOUSE, BALTIMORE CITY DETENTION CENTER, MAYOR JACK YOUNG, *Baltimore City* WARDEN BETTY JOHNSON, *Baltimore City Detention Center* (BCDC),[1] | * * * | |
| Defendants | *** | |

## MEMORANDUM OPINION

The court has granted Anthony Sam Ladd six extensions to file a supplement to the complaint to identify the individuals he intends to hold liable, explain how these individuals were involved in the alleged wrongdoing, and identify the cases he is alleging improperly placed "violent charges" on his record. ECF Nos. 12, 15, 23, 25, 28, 31. The court's most recent extension order, issued on July 28, 2020, granted him until October 19, 2020, to file a responsive supplement, and cautioned no additional extensions will be granted unless he demonstrates extraordinary circumstances. ECF No. 31. Pending are Ladd's seventh and eighth motions for extensions of time. ECF Nos. 32, 36. For reasons discussed below, the motions for extensions of time will be denied and this case will be dismissed for failure to state a claim on which relief may be granted.

**I. Motions for Extensions of Time**

On August 17, 2020, Ladd filed the seventh motion for an extension of time. ECF No. 32. He seeks additional time to supplement his complaint due to the coronavirus pandemic, the same

---

[1] The Clerk shall amend the docket to add Mayor Jack Young, City of Baltimore, and Warden Betty Johnson, Baltimore City Detention Center (BCDC), as defendants. ECF No. 21.

reason he provided for his sixth extension. ECF No. 32, 29.  Ladd, however, does not specify how long an extension he needs or explain why another extension is warranted. ECF No. 32.  He states that his friend Monique Evette McDonald will have power of attorney by July 17, 2020, to obtain counsel for him or the "pictorial cases" needed to file his supplement. ECF No. 32. The motion presents no extraordinary circumstances, and will be denied.

On October 20, 2020, Ladd filed an eighth motion for an extension of time.  Ladd asks for an additional sixty days to file a statement of claims due to the coronavirus pandemic.  ECF No. 36.  He summarily asserts that he needs additional time in light of prison security procedures, his need to access the prison law library, and his need to locate an attorney, but provides no further details for this court to evaluate his request.  No extraordinary circumstances are presented to warrant the extension.  The eighth motion for an extension of time will be denied.

**II. Complaint**

The complaint does not state a cognizable federal or constitutional claim or name defendants who are amenable to suit in a civil rights action under 42 U.S.C. § 1983.  Liability is imposed under § 1983 on "[e]very person who … subjects, or causes to be subjected, any … person ... to the deprivation of any rights...." 42 U.S.C. § 1983. The statute requires a showing of personal fault, whether based upon the defendant's own conduct or another's conduct in executing the defendant's policies or customs. *See Monell v. New York City Dep't of Social Servs*., 436 U.S. 658, 690 (1978); *West v. Atkins*, 815 F.2d 993, 996 (4th Cir. 1987), rev'd on other grounds, 487 U.S. 42 (1988) (no allegation of personal involvement relevant to the claimed deprivation); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (in order for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights") (quoting *Bennett v. Gravelle*, 323 F. Supp.

203, 214 (D. Md. 1971), aff'd, 451 F.2d 1011 (4th Cir. 1971)). An individual cannot be held liable under 42 U.S.C. § 1983 under a theory of respondeat superior.[2] *See Monell*, 436 U.S. at 691; *Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983).

Ladd filed this complaint on November 25, 2019, in the United States District Court for the Northern District of Florida, and the case was transferred to the District of Maryland on February 25, 2020. ECF Nos. 1, 10, 11. The complaint initially named as defendants the Clarence Mitchell Court House and the Baltimore City Detention Center. ECF No. 1. In his court-ordered supplement to the complaint, Ladd named Baltimore City Mayor Jack Young and Betty Johnson, Warden of the Baltimore City Detention Center, as defendants. ECF No. 16; *see also* ECF No. 21.

The Clarence Mitchell Courthouse and the Baltimore City Detention Center are not subject to suit under 42 U.S.C. § 1983, because they are not persons acting under the color of state law. Inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not "person[s]" subject to suit under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 822–23 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Gottleib v. Baltimore Cty. Detention Ctr.*, Civil Action No. RDB-16-51, 2016 WL 6072348, at *1 n.1 (D. Md. Oct. 13, 2016) (noting that Baltimore City Detention Center is not a person amenable to suit under § 1983).

Further, Ladd fails to allege how Mayor Young or Warden Johnson acted unlawfully. Ladd states only in the most general and conclusory terms that Mayor Young and Warden Johnson personally participated in the alleged perjury, fraud, falsification of records, or other purported illegal activities concerning his state criminal records. *See* ECF No. 16 at 8 ("The crimes [sic] of

---

[2] Respondeat superior is a legal doctrine which holds that in some circumstances an employer is responsible for the actions of employees performed within the course of their employment.

fraud was clearly committed by the defendants"); *see also* ECF No. 21.  Ladd does not assert Mayor Young or Warden Johnson are culpable in their supervisory roles or allege facts to support a claim of supervisory liability.  Aside from naming Mayor Young and Warden Johnson as the individuals whom he intends to hold liable, Ladd makes no additional reference to them. ECF Nos. 16, 21; *see also* ECF Nos. 33, 34.

On August 25, 2020, Ladd filed another supplement to the complaint. It does not explain how defendants were involved in alleged wrongdoing or specify the cases that improperly placed "violent charges" on his record. ECF No. 33. On September 28, 2020, Ladd filed a "Notice of Inquiry" (docketed as a supplement) about the status of the case.  ECF No. 34.  Ladd asserts that an unspecified state case lists him as having been convicted of a violent felony but shows a different birth date than his. *Id.* at 2.  He asks the court to issue a subpoena to obtain his records from the Baltimore City Detention Center. *Id.* at 3.  Neither filing is responsive to the court's directive to provide additional information.

According liberal construction to the complaint and its supplements, the complaint fails to state a plausible claim against defendants. Accordingly, the complaint against them will be dismissed with prejudice for failure to state a claim.  To the extent Ladd seeks copies of his state criminal file (ECF No. 34), or to correct state court records, he may contact the Clerk of Court for the Circuit Court for Baltimore City, 111 North Calvert Street, Baltimore, Maryland 21202. The general information telephone number is (410) 333-3722.  Further, he may contact the state court to pursue correction of records as may be appropriate.  He may also file a request for records under the Maryland Public Information Act.  The Maryland Public Information Act Manual (14th Edition, October 2015) may be accessed at https://www.marylandattorneygeneral.gov/Pages/OpenGov/piaManual.aspx.

Ladd was granted leave to proceed in forma pauperis, and the complaint has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.  As noted, the complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(i) for failure to state a claim upon which relief may be granted. Plaintiff is forewarned that pursuing relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g); *see generally Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).

Ladd has been granted multiple opportunities to supplement the complaint and has not adequately done so.  His seventh and eighth motions for extensions of time to supplement the complaint (ECF Nos. 32, 36) will be denied.  This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).  A separate order follows.


  10/28/20                                        /S/
Date                                        Catherine C. Blake
                                            United States District Judge